UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVON MILLER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:20cv872(MPS) |
| GOVERNOR NED LAMONT, ET AL.,<br>    Defendants. | :<br>:<br>: |

**ORDER**

The plaintiff, Davon Miller, a former inmate, currently resides in Ansonia, Connecticut. He initiated this action by filing a civil rights action pursuant to 42 U.S.C. § 1983 against Governor Ned Lamont, Commissioner Rollin Cook, Deputy Commissioner Angel Quiros, Wardens Caron and Bowles, Deputy Wardens Kenny Thomas and Baymon, District Administrator William Mulligan, Director of Offender Classification and Population Management Maiga, Lieutenants Grimaldi, Ouelette, and Jones, Records Specialist BS Zipp, Counselor Supervisor Long, Counselor Blue, Counselor/Administrative Remedies Coordinator Saunders, Disciplinary Investigators Leone, Cieboter, and Clark, Correctional Officer Canales, and the Department of Correction. He asserted multiple First and Fourteenth Amendment claims. *See* Compl., ECF No. 1.

After reviewing the complaint under 28 U.S.C. § 1915A(b), the Court dismissed all claims except the Fourteenth Amendment procedural due process claims regarding the issuance of a disciplinary report to the plaintiff on April 4, 2020 for conduct that occurred at Carl Robinson Correctional Institution on April 2, 2020. *See* IRO, ECF No. 15, at 22-23. Pursuant to the Second Circuit's decision in *Peralta v. Vasquez*, 467 F.3d 98, 100 (2d Cir. 2006), the Court instructed the plaintiff to file a written notice indicating whether he waived *for all time* all Fourteenth Amendment claims in this action arising from the disciplinary sanctions imposed by

Lieutenant Grimaldi after finding him guilty of the April 4, 2020 disciplinary charge that affected the duration of his confinement (*i.e.*, the forfeiture of 60 days of RREC) in order to proceed with his Fourteenth Amendment procedural due process claims arising from the sanctions imposed by Lieutenant Grimaldi that affected his conditions of confinement. *Id.* at 23.

The plaintiff has filed a notice indicating that he waives for all time all claims against all defendants in this action relating to disciplinary sanctions affecting the duration of his confinement (*i.e.*, the forfeiture of 60 days of RREC) arising from the issuance of the disciplinary report on April 4, 2020 for impeding order. *See* Notice, ECF No. 17.

**Accordingly, the Court enters the following Orders:**

**(1)** Pursuant to the Initial Review Order, [**ECF No. 15**], all claims against Governor Ned Lamont, Commissioner Rollin Cook, Deputy Commissioner Angel Quiros, Wardens Caron and Bowles, Deputy Wardens Kenny Thomas and Baymon, Director of Offender Classification and Population Management Maiga, Lieutenant Jones, Records Specialist BS Zipp, Counselor Supervisor Long, Counselor/Administrative Remedies Coordinator Saunders, and the Department of Correction have been **DISMISSED**. The Clerk shall terminate these defendants from the docket.

The following Fourteenth Amendment procedural due process claims arising from the April 4, 2020 disciplinary report issued to the plaintiff for impeding order and the finding of his guilt as to the disciplinary charge will proceed to the extent the plaintiff received sanctions that affected his conditions of confinement: (1) the decision by Officer Canales and Lieutenant Oulette to issue the disciplinary report despite the lack of evidence to support the misconduct charged; (2) the failure of Investigators Leone, Cieboter and Clark and Counselor Blue to assist

the plaintiff in securing and viewing evidence in order to assert an effective defense to the disciplinary charge at the hearing; (3) the sufficiency of the evidence relied upon by Lieutenant Grimaldi to reach the decision that the plaintiff was guilty of the disciplinary charge; and (4) the failure of District Administrator Mulligan to consider the due process violations and overturn the guilty finding on appeal.  These claims will proceed against defendants Canales, Ouelette, Leone, Cieboter, Clark, Blue, Grimaldi and Mulligan in their individual capacities and in their official capacities to the extent that the plaintiff seeks injunctive relief in the form of expungement of the disciplinary report from his prison record.

**(2)**    Within twenty-one (21) days of this Order, the Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshals Service. The U.S. Marshals Service shall serve the summons, a copy of the complaint, the initial review order, and a copy of this order on District Administrator William Mulligan, Lieutenant Grimaldi, Lieutenant Ouelette, Counselor Blue, Disciplinary Investigator Leone, Disciplinary Investigator Cieboter, Disciplinary Investigator Clark, and Correctional Officer Canales in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06160.

**(3)**    Within twenty-one (21) days of this Order, the Clerk shall verify the current work addresses of: District Administrator William Mulligan, Lieutenant Grimaldi, Lieutenant Ouelette, Counselor Blue, Disciplinary Investigator Leone, Disciplinary Investigator Cieboter, Disciplinary Investigator Clark, and Correctional Officer Canales, and mail a copy of the complaint, the initial review order, this order, and a waiver of service of process request packet to each defendant in his or her individual capacity at his or her confirmed address.  On the thirty-

3

fifth (35th) day after mailing, the Clerk shall report to the Court on the status of each request. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

**(4)** Defendants Canales, Oulette, Leone, Cieboter, Clark, Blue, Grimaldi, and Mulligan shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

**(5)** Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order. Discovery requests need not be filed with the Court.

**(6)** All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

**(7)** If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. If the plaintiff has more than one pending case, he should indicate all case numbers in the notification of change of address. The plaintiff should also inform the attorney for the defendants of his new address.

**(8)** The Clerk shall send a courtesy copy of the complaint, the initial review order,

4

and this order to the Connecticut Attorney General and to the DOC Legal Affairs Unit.

**(9)**  The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures" which will be sent to the parties by the Clerk. The order also can be found at http://ctd.uscourts.gov/district-connecticut-public-standing-orders.

SO ORDERED at Hartford, Connecticut this 27th day of April, 2021.

_____/s/_____
Michael P. Shea
United States District Judge