UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVON MILLER,
    *Plaintiff,*

v.

NED LAMONT, et al.,
    *Defendants*.

No. 3:20cv872 (MPS)

**RULING AND ORDER ON PENDING MOTIONS**

The plaintiff, Davon Miller, who is self-represented, commenced this action against Connecticut Department of Correction employees alleging Due Process violations in connection with a disciplinary report. The Court set deadlines for the completion of discovery and the filing of dispositive motions. ECF No. 18. As a result of difficulties taking Mr. Miller's deposition, the defendants filed an "Emergency Motion to Compel Plaintiff's Attendance at Deposition" in which they requested that the Court order Mr. Miller to attend his deposition. (ECF No. 33.) The defendants thereafter filed a motion for sanctions in which they requested that the Court dismiss Mr. Miller's complaint because he failed to complete his deposition. (ECF No. 44.) The Court has reviewed these motions as well as the Memoranda of Conference issued by Judge Spector (ECF Nos. 40, 43.) For the reasons that follow, the Defendants' motion to compel Mr. Miller to attend and complete his deposition is GRANTED and the motion for sanctions is DENIED without prejudice.

Because he is proceeding without an attorney, Mr. Miller might not understand that as the party who initiated this litigation, he has certain obligations and responsibilities. *See Palacio v. City of New York*, No. 04 CIV. 1990, 2008 WL 7453608, at *8 (S.D.N.Y. Nov. 19, 2008) ("In voluntarily bringing a lawsuit, a plaintiff becomes subject to various responsibilities, including

discovery obligations.") One of these obligations is to submit to a deposition so that the defendants can learn the basis of his claims and obtain his testimony in an attempt to defend against his claims. *See* Fed. R. Civ. P. 30. A plaintiff's refusal to submit to a deposition and/or failure to answer questions during a deposition deprives the defendants of an opportunity to obtain evidence to defend against the plaintiff's claims, which they are entitled to do. "Taking the deposition of a plaintiff is important to make clear what testimony might be given if the case were to go to trial, and to get answers promptly, before memories fade." *Palacio*, 2008 WL 7453608, at *9. The Federal Rules of Civil Procedure specifically provide that if an individual fails to appear at his own deposition after having received proper notice, the court may sanction the disobedient party. Fed. R. Civ. P. 37(d)(1)(A)(i). These sanctions include dismissal of the complaint.

Accordingly, **IT IS HEREBY ORDERED** that the motion to compel deposition is granted and Mr. Miller is **ORDERED** to attend his deposition. It is FURTHER ORDERED:

Within 14 days of this Order, Mr. Miller shall give defendants three dates in the next 30 days that he will be available and willing to sit for a deposition either in Hartford at the federal courthouse, at the Office of the Attorney General, or remotely.

After Mr. Miller has provided three dates, defendants shall notice the deposition for one of the dates and the deposition will proceed on that date.

The defendants shall file a copy of the notice of deposition on the docket.

Mr. Miller shall attend the deposition, be sworn, and cooperate during the deposition. He must answer all questions asked at the deposition that relate in any way to his claims or the defendants' defenses. This is a Court order. Pro se litigants, like all litigants, must comply with court orders. Mr. Miller is warned that if he does not comply, the Court will impose sanctions, including the dismissal of his complaint. *See, e.g., Valentine v. Museum of Modern Art*, 29 F.3d

47, 49–50 (2d Cir. 1994) (affirming dismissal of *pro se* plaintiff's complaint where plaintiff refused to comply with court orders to appear for his deposition).

Within 7 days after the notice of deposition, defendants shall file a statement on the docket indicating whether they are willing to proceed with mediation. If the defendants are not willing to engage in mediation, the defendants' motion for summary judgment shall be filed 30 days after the date for deposition set forth in the deposition notice.

This case has been pending for over a year and Mr. Miller has failed to complete his properly noticed deposition on multiple occasions. The Court has now ORDERED Mr. Miller to attend his deposition, be sworn, and answer appropriate questions. He is on notice that his failure to do so will result in the dismissal of his case. Should he fail to appear for his deposition, the defendants may renew their motion for sanctions, which should be supported by an affidavit or transcript showing the failure to appear.

IT IS SO ORDERED.

Dated: November 29, 2021
        Hartford, Connecticut

/s/
Michael P. Shea, U.S.D.J.